IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

MARLON WRIGHT,

    Plaintiff,

vs.

TODD THOMAS; DAVID GRIFFIN;
Mrs. M. STEAD, and OSCAR PAULK,

    Defendants.

CIVIL ACTION NO. CV505-020

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at Dooly State Prison in Unadilla, Georgia, has filed an action under 42 U.S.C.A. § 1983. A prisoner proceeding *in forma pauperis* in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C.A. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed.2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C.A. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C.A. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in § 1915(e)(2)(B)(ii), which is nearly identical to that

AO 72A
(Rev. 8/82)

contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed.2d 163, 169-70 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff contends that he needed to obtain his trust account statement in order to forward this information to this Court for another pending civil action. Plaintiff asserts that if he did not send this information to the Court within thirty (30) days, the Court would dismiss his Complaint. Plaintiff asserts that Officer Paulk gave his trust account information to another inmate, which indicated an incorrect balance in his account. Plaintiff also asserts that Office Manager Griffin answered his informal grievance regarding this matter, and Griffin told him that his statement was sent to him. Plaintiff further asserts that Warden Thomas denied his formal grievance in this matter. Plaintiff alleges that the actions by Paulk, Griffin, and Thomas effectively denied him access to the courts. However, he also alleges that the Court granted him an extension of time to file his trust account information. Plaintiff contends that these actions also violated his due process and equal protection rights.

2

Prisoners have a constitutional right to "adequate, effective and meaningful" access to the courts. Bounds v. Smith, 430 U.S. 817, 822, 97 S. Ct. 1491, 1495, 52 L. Ed.2d 72 (1977). To constitute a deprivation of the right to access the courts, a prisoner "must show actual injury in the pursuit of specific types of nonfrivolous cases[.]" Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir. 1998)(citing Lewis v. Casey, 518 U.S. 343, 355-57, 116 S. Ct. 2174, 2182, 135 L. Ed.2d 606(1996)). Given Plaintiff's assertion that this Court allowed Plaintiff additional time to file his trust account information, he has failed to show that he suffered any actual injury as a result of the actions by Paulk, Griffin, or Thomas. Accordingly, Plaintiff has failed to state a claim that he was denied access to the courts.

Additionally, "a § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003). Plaintiff fails to prove at least the third of these prongs, as he was able to file an informal and a formal grievance, as well as the instant cause of action, concerning the events about which he complains. Thus, Plaintiff has failed to show that his due process rights were violated.

Moreover, the Equal Protection Clause precludes the State (or state actors) from arbitrarily or capriciously classifying or treating similarly situated individuals differently. Stanton v. Stanton, 421 U.S. 7, 14, 95 S. Ct. 1373, 1377, 43 L. Ed.2d 688 (1975). Plaintiff has failed to demonstrate that Defendants classified or treated him differently than similarly situated inmates. Plaintiff is not entitled to relief on this claim.

Finally, Plaintiff named Officer Stead as a Defendant in this case. However, Plaintiff makes no factual allegations against Stead. A Plaintiff must set forth "a short and plain

3

statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). As Plaintiff has not met this requirement, he fails to state a claim against Stead.

## CONCLUSION

It is my **RECOMMENDATION** that Plaintiff's claims against Defendants Paulk, Griffin, and Stead be **DISMISSED**. It is also my **RECOMMENDATION** that Plaintiff's claim that Defendant Thomas denied him access to the courts be **DISMISSED**.

Plaintiff's cognizable claim is addressed in an Order of even date.

**SO REPORTED** and **RECOMMENDED**, this 24th day of May, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

4

# United States District Court
## Southern District of Georgia

WRIGHT )

vs ) CASE NUMBER CV505-20

THOMAS, ET AL ) DIVISION WAYCROSS

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 5/24/05, which is part of the official record of this case.

Date of Mailing: 5/24/05

Date of Certificate ☒ same date, or _____

Scott L. Poff, Clerk

By: /s/ Sherry Taylor
Sherry Taylor, Deputy Clerk

**Name and Address**

Marlont Wright, 473409, Dooly State Prison, P.O. Box 750, Unadilla, GA 31091

☐ Copy placed in Minutes
☐ Copy given to Judge
☒ Copy given to Magistrate