IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

MARLON WRIGHT,

    Plaintiff,

vs.

                              CIVIL ACTION NO. CV505-020

TODD THOMAS,

    Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Dooly State Prison in Unadilla, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions while he was incarcerated at Coffee Correctional Facility in Nicholls, Georgia. Defendant Thomas ("Thomas") filed a Motion for Summary Judgment, and Plaintiff filed a Response. For the following reasons, Thomas' Motion for Summary Judgment should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff contends that he needed to obtain his inmate trust account statement in order to forward this information to this Court for another pending civil action. Plaintiff asserts that if he did not send this information to the Court within thirty (30) days, the Court would dismiss his Complaint. Plaintiff asserts that his inmate trust account information was given to another inmate and indicated an incorrect balance in his account. Plaintiff avers that he filed a formal grievance and that Defendant Thomas denied his grievance. Plaintiff

AO 72A
(Rev. 8/82)

asserts that Defendant Thomas denied this grievance as a form of retaliation because Plaintiff had filed a previous lawsuit against Thomas.

Thomas avers that Plaintiff was able to file his inmate trust account statement in the other case he mentions, and, at the time Thomas filed his Motion for Summary Judgment, that case still was pending in this Court. Thomas contends that Plaintiff cannot show that his constitutional rights were violated, and accordingly, Thomas contends that he is entitled to summary judgment.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

The moving party bears the burden of establishing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party

2

must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

Thomas asserts that Plaintiff filed a grievance in which he alleged that prison personnel refused to provide him with copies of his inmate trust account statement and that when personnel finally provided him with this paperwork, it was incorrect. Thomas contends that, during the course of the investigation of this grievance, it was revealed that Plaintiff already received this paperwork about one month prior to his filing of a grievance. Thomas asserts that he denied Plaintiff's grievance because there was no evidence to support his allegations. Thomas also asserts that he did not deny Plaintiff's grievance as a retaliatory measure, but rather, the denial was based on available information and was in accord with Standard Operating Procedure IIB05-0001. (Doc. No. 21, p. 2.) Thomas alleges that Plaintiff filed an appeal on the denial of his grievance, and during the course of the investigation of the appeal it was discovered that Plaintiff received the account information for an inmate with a similar name. However, Thomas avers, copies of

3

Plaintiff's correct account statement were provided to the Court before the time allowed expired.

Plaintiff contends that the response he received on the appeal of his grievance "clearly shows [Thomas] knows his actions were wrong[,] intentional[,] and retaliatory[,] and that is why he is still denying his actions." (Doc. No. 25, p. 3.) Plaintiff also contends that Thomas is not relieved of liability in this case simply because Plaintiff requested and received an extension of time in which to file his inmate trust account statement in another civil action.

"To state a First Amendment claim for retaliation, a prisoner need not allege violation of a separate and distinct constitutional right." Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003) (internal citations omitted). Rather, "[t]he gist of a retaliation claim is that a prisoner is penalized for exercising the right of free speech." Id. A prisoner can establish retaliation by demonstrating that the prison official's actions were "the result of his having filed a [lawsuit] concerning the conditions of his imprisonment." Id.

Once a defendant moves for summary judgment, "the plaintiff may not respond simply with general attacks upon the defendant's credibility, but rather must identify affirmative evidence from which a jury could find that the plaintiff has carried his or her burden of proving the pertinent motive." Crawford-El v. Britton, 523 U.S. 574, 600, 118 S. Ct. 1584, 1598, 140 L. Ed. 2d 759 (1998). "The issue of intent is a question for the trier of fact." Harris v. Ostrout, 65 F.3d 912, 917 (11th Cir. 1995). "Direct evidence of an illegal motive will usually suffice to create a genuine issue of fact and preclude summary judgment." Id. (citing Swint v. City of Wadley, Ala., 51 F.3d 988, 1000 (11th Cir. 1995)).

4

Each party has submitted documents[1] in support of his position. At best, the evidence before the Court reveals that prison officials inadvertently provided Plaintiff with the inmate trust account statement for another inmate, Marvin Wright. (Def.'s Ex. B, p. 14.) The evidence before the Court also reveals that Plaintiff was not penalized in Case Number CV504-88, the case in which he needed to file his inmate trust account statement, as this information was provided to the Court in a timely fashion. (Def.'s Ex. D.) It appears that Thomas denied Plaintiff's grievance based on the information he was provided with during the course of his staff's investigation; there is no "affirmative evidence from which a jury could find" that Thomas' actions were based on an improper motive. See Crawford-El, 523 U.S. at 600, 118 S. Ct. at 1598. Accordingly, Plaintiff has not discharged his burden to show the existence of a genuine issue of material fact as to whether Thomas took retaliatory actions against him.

It is unnecessary to address the remaining ground set forth in Thomas' Motion for Summary Judgment.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant Thomas' Motion for Summary Judgment (Doc. No. 20) be **GRANTED** and Plaintiff's Complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 24th day of July, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] Most of Plaintiff's supporting documents are merely copies of Thomas' supporting documentation.